# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN DOE,
                    Appellant,

          v.

SECURITIES AND EXCHANGE
     COMMISSION,
                    Agency.

DOCKET NUMBER
DC-1221-14-0895-W-1

DATE: March 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Doe, Sanford, Florida, pro se.

Richard M. Humes, Esquire, and Rufus Beatty, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order in finding that the appellant alleged that he was protected under the Whistleblower Protection Enhancement Act (WPEA) as an applicant for employment rather than as an employee, we AFFIRM the initial decision.

¶2 The appellant[2] filed an IRA appeal, alleging that the agency retaliated against him for engaging in protected whistleblowing activity. Initial Appeal File (IAF), Tab 1. Based on the written record, the administrative judge found that the appellant submitted a copy of a letter sent to him by the Office of Special Counsel (OSC) advising him that he could file a request for corrective action with the Board. IAF, Tab 19, Initial Decision (ID).[3] The administrative judge issued a

---

[2] The appellant's appeal and other submissions to the Board have been made anonymously. *See, e.g.*, Initial Appeal File (IAF), Tab 1. The administrative judge denied the appellant's apparent request to proceed anonymously and ordered the appellant to provide identifying information sufficient to communicate with him and to respond to the appeal. IAF, Tab 3. The appellant did not respond to the administrative judge's order.

[3] The administrative judge noted that the letter to the appellant from OSC was date-stamped January 6, 2014, and advised the appellant that he must file a request for corrective action with the Board within 65 days. ID at 2. The appellant filed his appeal more than 65 days after January 6, 2014. IAF, Tab 1. Specifically, he filed his appeal on July 16, 2014. *Id*. The administrative judge did not address the issue of the timeliness of the appeal.

jurisdictional order advising the appellant of his burden to establish jurisdiction over his IRA appeal. IAF, Tab 5. The appellant made voluminous submissions in response to the order, much of them redacted of names and identities of the actors about whom the documents are written. IAF, Tabs 8 (Volumes 1-4), 14. The administrative judge found that nothing in the appellant's submissions show that he is now or ever was a federal employee in a covered position, nor do they show that he is entitled to the protection of the WPEA. ID at 4. Additionally, the administrative judge found that the appellant failed to show that he was subject to a personnel action. ID at 4. The administrative judge thus found that the appellant failed to make a nonfrivolous allegation of facts sufficient to establish Board jurisdiction over his IRA appeal and he dismissed the appeal for lack of jurisdiction. ID at 4.

¶3 On petition for review, the appellant apparently clarifies his allegations as to whether he is or ever was a federal employee, contending that the agency retaliated against him as an applicant for employment by not selecting him for a position.[4] Petition for Review (PFR) File, Tab 7 at 9, 10, 12. The agency has responded in opposition to the petition, PFR File, Tab 12, and the appellant has replied to the agency's response, PFR File, Tab 16.

¶4 Generally, to establish jurisdiction over an IRA appeal regarding activity protected under 5 U.S.C. § 2302(b)(8), an appellant must prove that he exhausted

---

[4] The appellant attached a number of documents to his petition for review. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). A number of the appellant's submissions on petition for review predate the initial decision, and thus are not new, and he has not shown that they were unavailable despite due diligence. We have not considered those submissions. One submission, a letter to OSC seeking that it intervene on the appellant's behalf is new; however, it provides no basis to reverse the initial decision because it does not address the dispositive issued in this case of the Board's jurisdiction over the appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

his administrative remedies before OSC and make nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002). In an IRA appeal filed pursuant to 5 U.S.C. § 1221(a), the appellant seeking corrective action from the Board may be an employee, former employee, or applicant for employment. Thus, the plain language of this statute extends the Board's IRA jurisdiction beyond individuals who meet the definition of "employee" at 5 U.S.C. § 2105(a) to include "applicants for employment."

¶5        Here, based on the OSC letter that the appellant submitted below, it appears that he has exhausted his administrative remedies before OSC. Also, he has alleged that he disclosed to OSC violations of law and millions of dollars of waste by the agency. IAF, Tab 8. Additionally, he alleges that he applied for a position with the agency, and he was not selected. PFR File, Tab 7 at 9-10, 12. Nonselection for appointment is a personnel action under the WPEA. *See Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 15–17 (2010). However, as more fully explained below, the appellant has failed to show that his disclosure was a contributing factor in the agency's decision not to select him.

¶6        To satisfy the contributing factor criterion, an appellant must raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011). One way to establish this criterion is the knowledge-timing test, under which an appellant may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel

action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶7 Here, it is unclear from the appellant's submission how long after he made his alleged protected disclosure that the nonselection occurred. However, the appellant has not alleged that the selecting official knew or should have known of his disclosure to OSC of alleged violations of law and waste by the agency at the time he rendered his nonselection decision; therefore, there is no basis for the Board to conclude that this disclosure was a contributing factor to the appellant's nonselection. Under these circumstances, the appellant has failed to meet the jurisdictional criterion to make a nonfrivolous allegation that his alleged disclosure was a contributing factor to his nonselection, and we must dismiss his appeal for lack of jurisdiction.[5] *See Reed v. Department of Veterans Affairs*, 122 M.S.P.R. 165, ¶ 25 (2015).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

---

[5] On review, the appellant alleges a number of adjudicatory errors by the administrative judge. The appellant acknowledges that the administrative judge issued a jurisdictional order informing the appellant of his burden to prove jurisdiction over the IRA appeal. IAF, Tab 5. Because the appellant failed to meet his burden to establish jurisdiction, we find that the administrative judge's alleged adjudicatory errors, including his alleged error in denying the appellant's motion to proceed anonymously, IAF, Tab 3, did not affect the appellant's substantive rights and provide no basis to reverse the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). We note that the administrative judge applied the proper standard to deny the appellant's motion to proceed anonymously. *See* IAF, Tab 3; *see also Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 10 (2007).

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.